IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEARL KENNETH ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-05-1018-T |
| ) | |
| STAN INMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Purcell recommends the civil rights complaint be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and the dismissal count as one "strike" under 28 U.S.C. § 1915(g). Plaintiff has timely filed a written objection. Thus the Court must make a de novo determination of any portion of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks damages under 42 U.S.C. § 1983 for a loss of property – a "C-pap" machine used for sleep apnea – while confined in the Oklahoma County Detention Center from August 27, 2003, to June 16, 2004. He names as defendants the commissioners of Oklahoma County, a "John Doe" property clerk, and Correctional Health Care, Inc. Plaintiff previously brought suit on the same claim against other defendants, Sheriff Whetsel and the jail. *See Robinson v. Oklahoma County Jail*, Case No. CIV-04-1476-T, Compl. (W.D. Okla. Nov. 1, 2004). The prior complaint was dismissed for failure to state a claim

upon the recommendation of a different magistrate judge, Judge Argo. *Id*., Order, J. Dec. 16, 2004. The dismissal was not appealed.

In his present objection, Plaintiff complains of Judge Purcell's finding his complaint to be frivolous but presents no legal argument or authority that would undermine this finding. Plaintiff instead argues generally about unsuccessful efforts to recover his machine and prays for the Court's assistance in obtaining some relief. While not unsympathetic to Plaintiff's alleged plight, this Court is one of limited jurisdiction and is bound to apply procedural rules evenly to all litigants, including *pro se* parties. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836 (10th Cir. 2005); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992). Plaintiff presents no basis to alter Judge Purcell's findings that his complaint fails to state a claim on which relief can be granted under Section 1983 against the named defendants. Further, Plaintiff ignores the prior litigation, in which this Court found similar allegations to be insufficient to state a claim. Thus the Court agrees the dismissal of this case should be counted as a "prior occasion" under Section 1915(g).

For these reasons, and because the Court finds upon *de novo* review that Judge Purcell's analysis is entirely correct, the Court adopts the Report and Recommendation [Doc. 6]. Judgment will be entered accordingly.

IT IS SO ORDERED this 31st day of October, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE